IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Antonio Barber, #10838-017, | ) | C.A. No. 9:05-1270-CMC-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 28 U.S.C. § 1346(b)(1). Plaintiff filed his complaint on October 4, 2004 in the District of Columbia, seeking monetary relief for Defendant's alleged negligent conduct in the assessment of his custody calculation from 1998 through 2004. By order filed March 14, 2005, the Honorable Thomas F. Hogan, Chief Judge, ordered that this case be transferred to the District of South Carolina as Plaintiff is currently housed at FCI – Bennettsville.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(e) and (f), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation. On January 9, 2006, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed Objections to the Report and Recommendation on January 19, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's complaint is barred under the judicially-created doctrine of *res judicata*. Plaintiff has filed two previous suits in the District of Columbia asserting the same issues. The first case was dismissed with prejudice and deemed a "strike" under 28 U.S.C. § 1915(g). The second case was dismissed as barred by *res judicata*. The current case is no different. Plaintiff presents no legally relevant objection to the Report and Recommendation.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss is **granted**. All other pending motions, including Plaintiff's recent motion for appointment of counsel, are **denied**.

**IT IS SO ORDERED**.

                                             s/ Cameron McGowan Currie
                                             CAMERON McGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 25, 2006

C:\temp\notesE1EF34\05-1270 Barber v. USA e adopt rr dism ftca case.wpd